**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NEHEMIAH ROLLE,

|  |  |  |
|---|---|---|
| | Plaintiff, | **REPORT &** |
| | | **RECOMMENDATION** |
| -against- | | **25-CV-3074 (JPC) (JW)** |
| FRANCIS RICIGLIANO, | | |
| | Defendant. | |

------------------------------------------------------------------X
**To the Honorable John P. Cronan, United States District Judge:**

Defendant the Honorable Francis Ricigliano ("Justice Ricigliano") moves to dismiss plaintiff Nehemiah Rolle's ("Rolle") case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 6. Justice Ricigliano also requests the Court issue a filing injunction against Rolle in the Southern District of New York. Id. For the reasons stated below, the Court recommends Justice Ricigliano's Motion to Dismiss be **GRANTED** and that Plaintiff be directed to show cause as to why a filing injunction should not be entered.

## I.    BACKGROUND

Plaintiff Nehemiah Rolle, who proceeds *pro se* but paid the filing fee, filed this case against Justice Ricigliano, a Nassau County Supreme Court Justice, because of Justice Ricigliano's rulings in Housing Trust v. Tanna, et al., Index No. 604478/2022 (Sup. Ct. Nassau County 2022). Dkt. No. 1. Rolle asserts claims pursuant to the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution. Id. at 1-3. Rolle's Complaint also alleges violations of 10 U.S.C. § 921, 18 U.S.C. §§ 35, 1001, 1002, 1341, 1343, and 42

U.S.C. §§ 3601 et seq, 1983, 1985, 1988.  Id. Rolle seeks a declaratory judgement vacating Justice Ricigliano's orders in Housing Trust v. Tanna as well as prosecution of Justice Ricigliano and "certain individuals."  Pl.'s Opp'n. at 9-12.

### A.  Plaintiff's Litigation History

Rolle has a long history of bringing lawsuits in state and federal court.  In state court during the course of one year, Rolle brought four lawsuits against New York state judges and one against an assistant attorney general.[1]  In federal court, Rolle has filed fourteen lawsuits against federal judges.[2]  In each instance, Rolle's claims against judicial officers were dismissed.  In addition to suing judges, Rolle has sued assistant district attorneys, public defenders, and a law clerk. See Rolle v. DeRiggi, et al., No. 00 Civ. 3872 (E.D.N.Y. 2000) (suing a judge, law clerk, and legal aid attorney); Rolle v. Kurtzrock, No. 03 Civ. 1789 (E.D.N.Y. 2003) (suing an assistant district attorney).

Rolle is the subject of both New York state and Eastern District of New York filing injunctions.  In 2021, the New York State Supreme Court issued a statewide filing injunction against Rolle.  Consequently, Rolle is enjoined from bringing (1) any

---

[1] Rolle v. Fisher, 000491/2020 (Sup. Ct. Nassau County 2020); Rolle v. Paradiso, 000251/2020 (Sup. Ct. Nassau County 2020); Rolle v. Hubert, 64438/2020 (Sup. Ct. Westchester County 2020); Rolle v. Cohen, 260364/2020 (Sup. Ct. Brox County 2020); Rolle v. Lynch, 000573/2020 (Sup. Ct. Nassau County 2020).

[2] Rolle v. Berkowitz, No. 03 Civ. 7120 (S.D.N.Y. 2003); Rolle v. Tawil, No. 18 Civ. 2198 (S.D.N.Y. 2018); Rolle v. DeRiggi, et al., No. 00 Civ. 3872 (E.D.N.Y. 2000); Rolle v. Meenan, No. 01 Civ. 2719 (E.D.N.Y. 2001); Rolle v. Honorof, No. 01 Civ. 6667 (E.D.N.Y. 2001); Rolle v. Ruskin, No. 02 Civ. 3829 (E.D.N.Y. 2002); Rolle v. Ort, No 02 Civ. 4171 (E.D.N.Y. 2002); Rolle v. LaPera, No. 03 Civ. 1540 (E.D.N.Y. 2003); Rolle v. Carter, No. 03 Civ. 2039 (E.D.N.Y. 2003); Rolle v. Berkowitz, No. 03 Civ. 3535 (E.D.N.Y. 2003); Rolle v. Boyle, No. 05 Civ. 3362 (E.D.N.Y. 2005); Rolle v. Girardi, No. 15 Civ. 1745 (E.D.N.Y. 2015); Rolle v. Paternostro, No. 15 Civ. 5205 (E.D.N.Y. 2015); Rolle v. Shields, No. 16 Civ. 2487 (E.D.N.Y. 2016); Rolle v. St. George, No. 19 Civ. 094 (E.D.N.Y. 2019).

*pro se* action and (2) suit on behalf of another *pro se* litigant against any New York State justice, judge or employee of the New York State Unified Court System without prior approval. Rolle v. Hubert, Index No. 64437/2020, Mot. Seq. 001 (Sup. Ct. Westchester County Mar. 24, 2021). In 2019, the Eastern District of New York issued a filing injunction against Rolle, who is now prohibited from filing any future actions in E.D.N.Y. without first obtaining permission from the court. See Rolle v. St. George, No. 19 Civ. 094 (AMD) (LB), ECF No. 16 (E.D.N.Y. July 17, 2019).

### B. Underlying State Court Action

Rolle's claims arise out of rulings Justice Ricigliano made as the presiding Justice in HTFC v. Tanna. Index No. 604478/2022 (Sup. Ct. Nassau County 2022) ("Tanna"). *Pro se* plaintiff Tanna purchased a property from the Housing Trust Fund Corporation ("HTFC") at an auction in 2016, subject to a requirement that he would improve and occupy the property. Mot. to Dismiss at 3. When no final certificate of occupancy was filed, HTFC filed a lawsuit to revert the property back to HTFC from Tanna. Id. Justice Ricigliano ultimately entered judgement ordering Tanna to execute and deliver the deed in September of 2024. Id.

Rolle was not a party to the Tanna case; however, he claimed to be Tanna's "power of attorney" and was acting as a behind the scenes attorney for Tanna. Id. at 7. Rolle attended Tanna's hearings, passed notes to Tanna during court instructing him on what to say, communicated with opposing counsel, and drafted motions for Tanna. Id. at 9-13, 15-16.

3

During a hearing in the <u>Tanna</u> case in September 2024, Justice Ricigliano warned Rolle that practicing law without a license is a crime:

> **THE COURT:** Mr. Rolle, you are aware as a certified paralegal, as you indicated, that practicing law without a license in the State of New York is a crime, and that if I feel a crime is being committed or has been committed, I am going to order a copy of this transcript and send it to the District Attorney's Office.

Ex. D. to Def.'s Mot. to Dismiss at 9.  In a subsequent hearing, Tanna revealed that after Justice Ricigliano's admonishment that Rolle was not permitted to assist with the case, Tanna added Rolle's name to the deed and attempted to transfer 10% of the property to Rolle in an effort to legitimize Rolle's participation in the case. Ex. F to Def.'s Mot. to Dismiss at 14.  However, the deed had already reverted to HTFC at that point. <u>Id.</u>

Justice Ricigliano again admonished Rolle in April of 2024 for surreptitiously acting as Tanna's attorney against court orders:

> **THE COURT:** I am going to take a copy of this transcript and order it now.  I am going to take your opposition that's been filed which, like the summons and complaint, appear to be on the same font, with the same language, with the same emphasis, with the same typing as Mr. Rolle has submitted in many many other cases, including the last case that you did.  I will also note that you indicated that he helped you in preparing these papers.  I am, therefore, going to write a decision and I'm going to forward a copy of this transcript, along with these exhibits, to the Nassau County District Attorney's office.

Ex. F. to Def.'s Mot. to Dismiss at 15.  On October 9, 2024, Justice Ricigliano denied Tanna's motion to vacate the judgement "because [the motion] and its supporting papers were prepared by a person unauthorized to practice law in the State of New York." Exhibit E to Def.'s Mot. to Dismiss at 1.  In the same order, Justice Ricigliano

enjoined Rolle "from participating in any further *pro se* litigation on behalf of Mr. Tanna or any other person" or be faced with potential sanctions and contempt proceedings. Id. at 4-5.

### C. Rolle's Allegations Against Justice Ricigliano

Rolle filed the Complaint against Justice Ricigliano on April 14, 2025. Dkt. No. 1. Rolle does not expressly state the allegations against Justice Ricigliano relate to the Tanna case. However, each date that Rolle alleges Justice Ricigliano committed *inter alia* grand larceny, theft, fraud, and perjury corresponds with hearings or orders in the Tanna litigation. Rolle repeatedly alleges that Justice Ricigliano denied Plaintiff his property rights by stealing his property and conspiring with the HTFC to "steal land and property worth more than million dollars belonging to Plaintiff." Id. at 4-5. Rolle seeks declaratory judgements stating each legal document signed by Justice Ricigliano was unlawful and must be vacated. Id. at 9-12. Rolle also seeks a judgement that "the deed to Plaintiff's real property worth more than $1 Million dollars should be resorted [to] the Plaintiff." Id. at 12.

## II.    LEGAL STANDARD

### A. Dismissal Standard

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' Complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Garner v. Behrman Bros. IV,

LLC, No. 16 Civ. 6968 (PAE), 260 F. Supp. 3d 369, 375 (S.D.N.Y. 2017) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)).  A complaint may be properly dismissed,

where, as a matter of law, "the allegations in a complaint, however true, could not

raise a claim of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 558).  A claim

of absolute judicial immunity, as alleged by Justice Ricigliano here, is properly

brought under Rule 12(b)(6).  Caruso v. Zugibe, No. 14 Civ. 9185 (VB), 2015 WL

5459862, at *4 (S.D.N.Y. June 22, 2015).

Although the Court must accept as true all well-pled factual allegations in the

complaint and draw all reasonable inferences in the plaintiff's favor, Steginsky v.

Xcelera Inc., 741 F.3d 365, 368 (2d Cir. 2014), that tenet is "inapplicable to legal

conclusions." Iqbal, 556 U.S. at 678.  Further, "dismissal with prejudice is appropriate

when the flaws in the pleading are incurable."  Kling v. World Health Org., No. 20

Civ. 3124 (CS), 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (internal quotation marks

omitted).

When ruling on a motion to dismiss under Rule 12(b)(6), a district court may

take judicial notice of matters of prior litigation.  See Deylii v. Novartis Pharms.

Corp., No. 13 Civ. 6669 (NSR), 2014 WL 2757470, at *4 (S.D.N.Y. June 16, 2014).

Matters of prior litigation include documents filed in other courts, whether state or

federal courts.  Dabah v. Franklin, No 19 Civ. 10579 (ALC), 2022 WL 973834, at *2

(S.D.N.Y. Mar. 31, 2022).  Courts take judicial notice of matters of prior litigation

"not for the truth of the matter asserted in the other litigation, but rather to establish

the fact of such litigation and related filings."  Glob. Network Commc'ns, Inc. v. City

of New York, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotations and citations omitted).

## B. *Pro Se* Litigants

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam). "The policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)). But *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal citations omitted).

## III.    DISCUSSION

As a threshold matter, this Court first determines which documents should be relied on to decide the Motion to Dismiss.

## A. Documents Outside of the Complaint

Both Plaintiff and Defendant attached outside documents to their briefing as exhibits. Defendant's exhibits include the Complaint in this case (Exhibit A), a list of cases in state and federal court involving Rolle (Exhibit B), a copy of the docket sheet in the Tanna case (Exhibit C), a transcript of the Sept. 17, 2024 hearing in the Tanna case (Exhibit D), Justice Ricigliano's Amended Decision and Order dated Oct.

9, 2024 in the <u>Tanna</u> case (Exhibit E), and a transcript of the April 8, 2024 hearing in the <u>Tanna</u> case (Exhibit F).  As Exhibit A to Plaintiff's Opposition Brief, Rolle attached (1) the deed transfer from Tanna to Tanna and Rolle, (2) the deed from HTFC to Tanna, and (3) the contract of sale between HTFC and Tanna.

Here, the documents attached to both the Motion to Dismiss and the Opposition Brief are matters of prior litigation and the Court accordingly considers them all.  The exhibits attached to Defendant's Motion to Dismiss are all related to the underlying <u>Tanna</u> case, with the exception of the list of cases related to Rolle. While the list is not directly related to the <u>Tanna</u> action, or the instant litigation, the enumerated lists are matters of prior litigation that are appropriate for the Court to consider in deciding the request for a filing injunction.  The documents Rolle attached to the Opposition Brief are all exhibits considered by Justice Ricigliano in the underlying state court action and therefore are also appropriately considered by this Court as matters of prior litigation.

## B.  Judicial Immunity

"Judges are granted absolute immunity for acts taken pursuant to their judicial power and authority."  <u>Olivia v. Heller</u>, 839 F.2d 37, 39 (2d Cir. 1988). Judicial immunity bars lawsuits against judges even when the actions are erroneous or in excess of the judge's jurisdiction.  <u>Mireles v. Waco</u>, 502 U.S. 9, 13 (1991).  The only exceptions to judicial immunity are for (1) nonjudicial actions or (2) judicial actions taken "in complete absence of all jurisdiction."  <u>Id.</u> at 11-12.

To determine whether an action is judicial, the question is whether the act "is a function normally performed by a judge, and to the expectations of the parties. *i.e.,* whether they dealt with the judge in his judicial capacity." Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005) (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Justice Ricigliano's rulings and orders in the Tanna case were unquestionably functions "normally performed by a judge."  Justice Ricigliano was certainly acting within his jurisdiction as a Justice of the Supreme Court of the State of New York in Nassau County when he made rulings on the Tanna case.  Accordingly, absolute judicial immunity from Rolle's claims extends to Justice Ricigliano.

Further, dismissal with prejudice is warranted and the Complaint must be dismissed. Judicial immunity cannot be cured by an amendment of the Complaint, rendering any attempt at amendment futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

### C. Filing Injunction

The Court may issue a filing injunction when a litigant has a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal citations omitted).  Before issuing a filing injunction, the Court must give notice and opportunity to be heard to the litigant.  Id.

9

Rolle's litigation history includes filing nearly twenty lawsuits against judicial officials between the Southern District of New York, the Eastern District of New York, and New York state court. Many of Rolle's cases have been dismissed *sua sponte* by courts as frivolous. As a result of Plaintiff's extensive history of frivolous and vexatious litigation, both the Eastern District of New York and New York State Supreme Court have issued filing injunctions against Rolle. See Rolle v. St. George, No. 19 Civ. 094 (AMD) (LB), ECF No. 16 (E.D.N.Y. July 17, 2019); Rolle v. Hubert, Index No. 64437/2020, Mot. Seq. 001 (Sup. Ct. Westchester County Mar. 24, 2021). Despite countless judicial admonishments to stop filing frivolous lawsuits, Rolle has not complied, as evidenced by the filing of the instant case.

Considering Plaintiff's litigation history and the instant case filed against Justice Ricigliano, this Court recommends Rolle be ordered to show cause, by filing an affidavit within 30 days, explaining why he should not be subject to a filing injunction in this District.

## IV.    **RECOMMENDATION**

For the reasons stated above, the Court respectfully recommends that Defendant's Motion to Dismiss (Dkt. No. 6) be **GRANTED** and that this action be **DISMISSED** with prejudice. The Court recommends issuing an Order to Show Cause as to why the Court should not issue a filing injunction in this District.

## V.   FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF.  Any requests for an extension of time for filing objections must be directed to Judge Cronan.  **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**.  See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).


SO ORDERED.

DATED:   New York, New York
         December 4, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge

11