UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                             :

NEHEMIAH ROLLE,                      :

                        :

           Plaintiff,          :

                        :

       -v-                  :          25 Civ. 3074 (JPC) (JW)

                        :

FRANCIS D. RICIGLIANO,       :       OPINION AND ORDER
                        :      ADOPTING REPORT AND
          Defendant.     :       RECOMMENDATION

                        :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In this action, *pro se* Plaintiff Nahemiah Rolle, who is subject to filing injunctions in New York state court and in the Eastern District of New York, brings claims against the Honorable Francis D. Ricigliano, a Justice of the New York Supreme Court, Nassau County, purportedly under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution, as well as 10 U.S.C. § 921, 18 U.S.C. §§ 35, 1001, 1002, 1341, 1343, and 42 U.S.C. §§ 3601 *et seq.*, 1983, 1985, 1988. On December 4, 2025, the Honorable Jennifer E. Willis, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned grant Justice Ricigliano's motion to dismiss this action with prejudice and order Rolle to show cause why she should not be subject to a filing injunction in this District. Dkt. 17 ("R&R"). For reasons that follow, the Court adopts Judge Willis's recommendation in its entirety.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C.

§ 636(b)(1)(C).   If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no timely objections are made, a district court reviews the report and recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that from service of the Report and Recommendation, the parties had fourteen days to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review.  R&R at 11.  Because the docket reflects that the Report and Recommendation was mailed to Rolle on December 5, 2025, she had until December 22, 2025, to file objections.  *See* Fed. R. Civ. P. 6(d) (adding three days to "[w]hen a party must act . . . after being served" if service is made by mail); Docket Entry, Dec. 5, 2025.  Rolle ultimately filed an "Affidavit in Opposition" to Judge Willis's Report and Recommendation on December 29, 2025.  Dkt. 18.  Because this filing was untimely, Rolle waived her right to object to the Report and Recommendation or to obtain appellate review.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("In general, failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks omitted)); *cf. Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[A] *pro se* party's failure to object to a magistrate's report and recommendation within the [applicable] time limit . . . does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation unless the magistrate's report explicitly states that failure to object [within that time] will preclude appellate review.").

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well founded.  While the Complaint is rather difficult to decipher, it clear that Rolle's allegations all arise from Justice Ricigliano's rulings in *Housing Trust v. Tana*, No. 604478/2022 (Sup. Ct. Nassau Cnty. 2022).  *See, e.g.*, Dkt. 1 ("Compl.") at 1 (alleging that Justice Ricigliano engaged in criminal acts "against Plaintiff in governmental proceedings" and "falsified those legal documents and then fil[ed] them with government entities and agencies"); *id.* at 4-9 (alleging that each cause of action is based on Justice Ricigliano stealing Rolle's property and conveying that property to Housing Trust Fund Corporation, including by doing so in concert with Housing Trust Fund Corporation and others); *see also* Dkt. 8 (Justice Ricigliano's moving brief) ( "For each hearing [in *Housing Trust v. Tana*], Rolle alleges criminal acts by [Justice] Ricigliano, and for each entry of an order by [Justice] Ricigliano in the case, Rolle alleges the filing of fraudulent legal documents.").[1]  As relief, Rolle asks this Court to declare that various legal documents signed by Justice Ricigliano were unlawful and must be vacated, and that "the deed to Plaintiff's real property worth more than $1 Million dollars should be restored [to] the Plaintiff."  Compl. at 9-12.

Notwithstanding its lack of clarity, Rolle's Complaint plainly cannot survive dismissal.  As Judge Willis noted, to the extent that the Complaint seeks damages from Justice Ricigliano in connection with his actions while presiding over *Housing Trust*, Rolle's claims are barred by the doctrine of judicial immunity.  Judges are absolutely immune from suit for damages for actions

---

[1] Despite Justice Ricigliano being a state-court judge, Rolle at times characterizes him as acting under color of federal, rather than state, law.  *See, e.g.*, Compl. at 1 (alleging that Justice Ricigliano engaged in "willful and intentional violations under color of federal law to unlawfully deprive Plaintiff of his real property"); *id.* at 3 (alleging that "[w]ith respect to transactions and occurrences that form the basis of this complaint," Justice Ricigliano "was acting under color of Federal law and in violation of Federal law").

taken within the scope of their judicial capacity, provided the actions are not taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature," *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009), and in regard to such acts, "even allegations of bad faith or malice cannot overcome judicial immunity," *id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.").

Rolle's request for "equitable relief and a declaratory judgment saying" that various rulings of Justice Ricigliano violate a host of provisions of federal statutes and the U.S. Constitution, Compl. at 9-12, also cannot survive dismissal. Although federal courts "never have had a rule of absolute judicial immunity" in suits seeking injunctive or declaratory relief, *Pulliam v. Allen*, 466 U.S. 522, 536 (1984), there is nonetheless a "need for restraint by federal courts called on to enjoin the actions of state judicial officers," *id.* at 539. Indeed, to "prevent needless friction between state and federal courts," *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.*, 309 U.S. 4, 9 (1940), equitable relief against state-court judges must be "reserved for really extraordinary cases," *Ex parte Fahey*, 332 U.S. 258, 260 (1947); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 40 (2021) (calling a theory that would regularly allow plaintiffs to sue state-court judges "[t]roubling"). This is not such a case. It is a cardinal principle that "[w]hile the lower federal courts were given certain powers in the 1789 [Judiciary] Act, they were not given any power to review directly cases from state courts, and they have not been given such powers since that time." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). In flagrant

4

disregard of this principle, Rolle now seeks to use this lawsuit as a vehicle for reviewing Justice Ricigliano's decisions as a state-court Justice. That he cannot do.[2]

The Court also declines to *sua sponte* grant Rolle leave to amend her Complaint. Although leave to amend should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, the defects in Rolle's claims are irremediable because they stem from the very nature of her suit against a state-court judge for decisions made in presiding over a case. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it."). Any amendment would therefore be futile.

Finally, the Court agrees with Judge Willis that Rolle's history of bringing "nearly twenty lawsuits against judicial officials between the Southern District of New York, the Eastern District of New York, and New York state court" seems to justify a filing injunction. R&R at 3; *see also Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation."). In fact, after Judge Willis issued her Report and Recommendation in this case, Rolle filed a new lawsuit against Judge Willis in this District, which was promptly *sua sponte* dismissed as frivolous. *Rolle v. Willis*, No. 25 Civ. 10745 (JMF), 2026 WL 145547, at *1 (S.D.N.Y. Jan. 20, 2026). This development only underscores that Rolle has "a

---

[2] Rolle's lawsuit also finds tension with the *Rooker-Feldman* doctrine, which "prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments." *Reed v. Goertz*, 598 U.S. 230, 235 (2023).

history of litigation entailing vexation, harassment and needless expense to other parties and [creating] an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (cleaned up).

The Court therefore adopts Judge Willis's Report and Recommendation in its entirety. Rolle's Complaint is dismissed with prejudice and she must file a letter by February 6, 2026, showing cause why the Court should not issue a filing injunction barring her from filing further lawsuits in the Southern District of New York. The Clerk of Court is respectfully directed to terminate Docket Number 6.

SO ORDERED.

Dated: January 23, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge